## ALFORD, USE OF BETTISON, vs. THOMPSON ET AL.

A co-partnership is capable of proof, and the party seeking to charge others as partners, must, if it is questioned, be held to the proof.

THIS was an appeal from a justice of the peace, determined in the Pulaski Circuit Court, at September term, 1841, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. The summons was, by the justice, issued against D. Thompson, William Gilchrist, and Thomas Thorn, describing them as partners by the style and firm of "D. Thompson & Co.," and requiring them to answer in an action on a note. Judgment was rendered against them, from which they appealed to the circuit court, in which, upon a trial *de novo*, the note signed by the firm name, and not containing the individual names of defendants, was rejected and judgment given for them. Alford brought error.

*Fowler*, for plaintiff.

*Hempstead & Johnson*, contra.

*By the Court*, DICKINSON, J. [At July term, 1842.] The statement in the justice's record, that the instrument sued on was a "writing obligatory," is simply a misdescription, having no influence upon the decision of the case, as the same writing set forth in the summons was produced in both courts. Upon a trial in the circuit court, on appeal from a justice of the peace, the case is required by the statute to be heard *de novo*, and the pleadings may be *ore tenus*.

The defendants in error were sued as partners of D. Thompson & Co., and the note was the only testimony offered to establish their liability as such. Its reception as evidence of that fact was objected to. If the note had contained the names of the partners sued, it would have raised the presumption of a co-partnership, until questioned by a proper plea supported by competent proof. But the mere production of a note in which the names are omitted, certainly cannot establish a partnership or prove that any particular persons composed the firm. A co-partnership, like any other substantive fact, is

capable of being affirmatively proved, and the party seeking to charge in that manner, must, if it is questioned, be held to the proof. Here no presumption can attach in favor of the co-partnership of the parties named in the suit, because in every stage of the proceeding they are denying it, and the court could not, in the absence of all testimony, know who composed the firm. This case is distinguishable from the one where judgment is entered by default; for the defendants not appearing, but making default, are presumed to have been rightly sued. The plaintiff in this action elected to sue the defendants as partners, and consequently they were charged jointly. There being then no error in the proceedings, the judgment of the circuit court must be affirmed with costs.

Alford filed a petition for re-consideration, which, at January term, 1844, was overruled.

*By the Court,* Sebastian, J. We have reviewed the ground attentively, upon which the opinion of the court in this cause, proceeded, and after the most mature deliberation which we have been enabled to give it, arrive at the same conclusion. The opinion of the court heretofore delivered has been, by the petition for a re-hearing, questioned alone upon the force and proper construction of *section* 102, *page* 633, *of the Rev. Code,* and *section* 17, and 104, under the chapter "Justices of the Peace." Of the first section, it may be said correctly, that it does not apply to proceedings instituted before a justice of the peace, which are elsewhere provided for and regulated; but extends alone to suits instituted in the circuit court. Whatever might be the proper interpretation of that section, we think it clear, from a view of the two latter sections taken together, that the bare filing of the note in this case and summoning the defendants to appear, do not impose upon the defendants in such case, the necessity of denying the execution of the note under oath. This is only required where the instrument sued on "purports" to have been executed by the defendant. See *Rev. St., p.* 505, *sec.* 101. The instrument so sued on, and "purporting to have been executed by the opposite party," proves its own execution, unless that fact is denied

under oath. From this last section, and section 17, page 494, *Rev. St.*, it is clear, that the person "purporting" to have executed the instrument, must be indicated by the note itself, and not from the pleadings or proceedings in the cause; otherwise he cannot be regarded as being "charged to have executed the same," so as to render it necessary to deny the execution under oath.

The motion must therefore be refused.